NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PRINIR (HADAS 1987), LTD., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 08-914(JLL) |
| | : | |
| v. | : | |
| | : | |
| CONAGRA FOODS PACKAGED | : | |
| FOODS CO., INC., | : | |
| Defendant. | : | |
| | : | |

REPORT AND RECOMMENDATION

  This matter comes before the Court by way of Defendant's motion to transfer this action to the United States District Court for the District of Nebraska (Docket Entry No. 11). Plaintiff opposed the motion. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. This Report and Recommendation is issued pursuant to 28 U.S.C. 636(b)(1)(B). For the reasons expressed below, I respectfully recommend that the Court enter an Order granting Defendant's motion.

BACKGROUND

  On February 19, 2008, Plaintiff Prinir (HADAS 1987) Ltd., ("Prinir" or "Plaintiff") filed suit in this Court alleging that Defendant ConAgra Foods Packaged Foods Company, Inc. ("Defendant" or "ConAgra") breached an agreement (the "Agreement") entered into by the parties, whereby ConAgra agreed to purchase certain tomato products (the "Products") from Plaintiff. Pursuant to the Agreement, Plaintiff was required to grow the Products at its Israeli facilities and then package, label and ship the Products to the United States. The Agreement also set forth quality standards for the Products and gave Defendant the right to reject Products that failed to meet those standards. In its Complaint, Plaintiff, an Israeli company, alleges that ConAgra, a Delaware corporation with its principal place of business in Omaha, Nebraska, wrongfully rejected the Products and, consequently, failed to make the payments required under the Agreement.

  The parties entered into the aforementioned Agreement in or about April 2005. The Agreement was executed by Defendant in Omaha, Nebraska and by Plaintiff in Israel. The Agreement was not negotiated in New Jersey. As stated above, the terms of the Agreement required ConAgra to purchase certain Products from Plaintiff. Pursuant to the Agreement, Plaintiff's Products were shipped to New Jersey, and stored in a warehouse maintained by a

1

third-party. From the New Jersey warehouse, the Products were then shipped to ConAgra mixing and distribution centers located throughout the United States.

In early 2006, ConAgra began to receive customer complaints regarding the Products. ConAgra launched an investigation and found certain deficiencies in the general quality of the Products. The entirety of Defendant's investigation was conducted in Nebraska and California.

In October 2006, representatives from both companies met in Nebraska to discuss ConAgra's dissatisfaction with the Products. On October 31, 2006, ConAgra exercised its contractual right to reject poor quality Products and terminated its Agreement with Prinir for all Products produced in 2007 and thereafter. Subsequently, representatives from both parties met on multiple occasions in an attempt to resolve Defendant's issues with the quality of the Products. These meetings took place solely in Nebraska. Ultimately, the parties were unable to resolve their dispute. In January 2007, Defendant terminated the remainder of the Agreement. Defendant contends that all decisions regarding the rejection of the Products and the termination of the Agreement were made at ConAgra's headquarters in Nebraska.

Defendant now moves before this Court to transfer this matter to the District of Nebraska. In so moving, Defendant argues that this case should be transferred because there is no relevant connection between the instant suit and the state of New Jersey. Specifically, Defendant asserts that the operative facts occurred in Nebraska, as the negotiation and execution of the Agreement occurred in Nebraska and all decisions regarding the termination of the Agreement were made in Nebraska. In addition, Defendant states that its relevant documents and witnesses are not located in New Jersey and emphasizes that court congestion in the District of New Jersey is nine times greater than that of the District of Nebraska. Defendant argues that, given these facts, the interests of justice would be served by transferring this matter to the District of Nebraska.

Plaintiff opposes Plaintiff's motion and argues that this case is most properly venued in the District of New Jersey. Plaintiff asserts that its choice of forum is entitled to deference and states that it would be burdensome for it to travel to Nebraska to litigate this matter. Plaintiff also argues that because the warehouse where the Products continue to be stored is located in New Jersey, venue is most proper here. Accordingly, Plaintiff requests ConAgra's motion be denied.

## DISCUSSION

Defendant requests that this case be transferred to the District of Nebraska pursuant to U.S.C. § 1404(a). Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, as a threshold matter, we must determine whether the instant matter "might have been brought" in this District of Nebraska. This requirement is satisfied if, at the time the case was originally filed: (i) venue was proper in the proposed transferee district under 28 U.S.C. § 1391; and (ii) the proposed transferee district could have exercised jurisdiction over the defendants. See Colon v. Pitney Bowes Corp., 2006 WL 496875, *2 (D.N.J. Feb. 8, 2007).

Under 28 U.S.C. § 1391(a), venue in actions based only on diversity is appropriate in, *inter alia*, (1) a judicial district where any defendant resides, if all defendants reside in the same State; or (2) a judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred. For purposes of Section 1391, a corporate defendant shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. See 28 U.S.C. § 1391(b).

As an initial matter, Defendant resides in the District of Nebraska for purposes of the venue statutes as the District of Nebraska could have exercised personal jurisdiction over it at the time this action was commenced. Defendant maintains its headquarters and principal place of business in Omaha Nebraska. The Court is persuaded that these purposeful contacts are sufficient to confer specific jurisdiction over ConAgra, See Burger King Corp. v. Rudezwicz, 471 U.S. 462, 472-76 (1985), and, pursuant to Section 1391, Defendant can be deemed to reside in the District of Nebraska.

In addition, it is apparent that a substantial part of the events giving rise to Plaintiff's claim occurred in Nebraska. The Agreement was negotiated by both parties in Nebraska, was executed by Defendant in Nebraska, all meetings related to Plaintiff's performance of the Agreement took place in Nebraska, and all decisions regarding Defendant's termination of the Agreement occurred in Nebraska. Accordingly, this matter meets the Section 1404(a) requirement that it "might have been brought" in the proposed transferee court, the United States District Court for the District of Nebraska.

Turning to the remainder of the transfer analysis, the Court must consider three factors when determining whether to grant a Section 1404(a) transfer: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. See Liggett Group, Inc. v. R.J. Reynolds Tobacco Co., 102 F.Supp2d 518, 526 (D.N.J. 2000). The analysis is not limited to these factors, but rather is a flexible analysis in which the Court must consider "all relevant factors to determine whether on balance the litigation [will] more conveniently proceed and the interests of justice be better served by transfer to a different forum." Id. (citations omitted). Indeed, the test applied in determining whether to transfer an action pursuant to Section 1404(a) is an "individualized analysis and must be made on the unique facts presented in each case." Id. (citations omitted).

Courts have identified a number of additional factors that may be considered when deciding a transfer motion. These factors generally fall into two categories: private interests and public interests. Private interests include:

> (1) plaintiff's forum preference as manifested in the original choice;
> (2) the defendant's preference; (3) whether the claim arose elsewhere;
> (4) the convenience of the parties as indicated by their relative
> physical and financial condition; (5) the convenience of the witnesses -
> but only to the extent that the witnesses may actually be unavailable
> for trial in one of the fora; and (6) the location of the books and
> records (similarly limited to the extent that the files could not be
> produced in the alternative forum).

Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C., 21 F.Supp.2d 465, 474 (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)). Public interests include:

> (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

Id. (citing Jumara, 55 F.Supp. 2d at 879-880).

**A. Private Interests**

Here, the private interests weigh in favor of transferring the case to the District of Nebraska. While a plaintiff's forum choice generally deserves deference, such deference is "curbed where the plaintiff has not chosen his or her home forum." Tischio v. Bontex, 16 F.Supp.2d 519, 521 (D.N.J. 1998). "[A] foreign plaintiff ... has no claim to 'home turf' in New Jersey and is not entitled to an enhanced presumption in favor of its choice of forum." Ricoh v. Honeywell, Inc., 817 F.Supp. 473, 485 (D.N.J. 1993). Here, Plaintiff is a company organized under the laws of Israel. Accordingly, as a foreign plaintiff, Prinir's choice of forum is entitled to less deference.

A plaintiff's choice of venue is also accorded less weight "where the operative facts of a lawsuit occurred outside the forum selected by plaintiff." Id. at 475 (citing Am. Tel. & Tel. Co. v. MCI Communications Corp., 736 F.Supp. 1294, 1306 (D.N.J. 1990)). In breach of contract cases, courts have deemed the operative facts to have occurred in the location where decisions regarding the contract were made. See NPR, Inc. v. Am. Int'l. Ins. Co. of Puerto Rico, 2001 WL 294077, *5 (D.N.J. March 28, 2001); Tischio, 16 F.Supp.2d at 521. Here, most of the decisions regarding the Agreement were made outside of New Jersey. The Agreement was negotiated by representatives of both parties located in California and was executed in Nebraska and in Israel. In addition, all meetings concerning ConAgra's dissatisfaction with the Products as well as ConAgra's decision to reject the Products and terminate the Agreement occurred in Nebraska. Although Plaintiff argues that the warehousing of the goods in New Jersey constitutes a substantial portion of the operative facts, the Court finds that most of the operative facts occurred in Nebraska or elsewhere outside of the state of New Jersey. Very few of the facts alleged in the Complaint have any ties to New Jersey and such an attenuated connection to the chosen forum substantially undercuts the weight of Plaintiff's choice. See Andrews v. Norfolk Southern Corp., 2008 WL 6872555, *3 (D.N.J. March 4, 2008).

In considering the convenience of the witnesses, the Court concludes that this factor weighs in favor of transferring the action to the District of Nebraska. Plaintiff's claims relate almost entirely to the alleged acts and omissions of ConAgra employees situated in Nebraska. These witnesses will likely play a key role in the development of the case. "[F]rom an economic standpoint, it certainly makes sense to conduct a trial ... where only one party and witnesses have to travel rather than where both parties have to travel." While there may be peripheral witnesses located in New Jersey and other parts of the country, the analysis of witness convenience nevertheless tips in favor of transfer.

Further, the Court notes that at least some of the relevant documents are located in the

state of Nebraska. Although Plaintiff argues that the warehousing of the goods in New Jersey constitutes a sufficient basis for the case to remain venued in New Jersey, the Court finds that the private interest factors support transfer of the action to the United States District Court for the District of Nebraska.

**B.  Public Interests**

The public interests also weigh in favor of transferring this case to the District of Nebraska. Central to this analysis is that the operative factors occurred almost exclusively in the transferee district. Thus, it is clear that it will likely be less expensive and more efficient for the case to proceed in the District of Nebraska. Further, Nebraska has an interest in resolving this controversy in its home forum. Accordingly, taken together, the public interest factors support the transfer of this case to Nebraska.

**C.  Interests of Justice**

Finally, transferring this action to the District of Nebraska will serve the interests of justice. The principal events giving rise to Plaintiff's claims occurred in Nebraska, a majority of the witnesses and documents are located in Nebraska and the Court is persuaded that the Nebraska courts have a greater interest in adjudicating this matter. Accordingly, Defendant's motion to transfer should be granted.

## CONCLUSION

In light of the foregoing, it is respectfully recommended that Defendant's motion to transfer (Docket Entry No. 11) be granted.

Respectfully submitted,

s/Claire C. Cecchi
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: November 21, 2008**